IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
NO. 7:11-CV-201-BO

TERRY DAVIS ARMWOOD, JR.; TERRY )
DAVIS ARMWOOD, SR.; RAMONA )
ARMWOOD; )
        Plaintiffs, )
)
v. )    O R D E R
)
NORTH CAROLINA FARM BUREAU )
MUTUAL INSURANCE COMPANY, )
INC.; )
        Defendant. )

This matter is before the Court on Defendant's Motion to Dismiss [DE 9] and Motion to Strike [DE 13]. The motions are ripe for adjudication. Because Plaintiffs' claims are barred by res judicata, Defendant's Motion to Dismiss is GRANTED and its Motion to Strike is DENIED AS MOOT.

## BACKGROUND

On June 4, 2001, Defendant Farm Bureau issued a policy of motor vehicle liability to Mr. Jimmy Lee Best for coverage on a 1974 passenger bus, with effective policy dates of June 4, 2001 to June 4, 2002. The bus had a seating capacity of 30 passengers, including the driver. Mr. Best used the bus to transport passengers for a fee. A bus of this seating capacity is classified as a commercial motor vehicle "designed or used to transport more than 8 passengers (including the driver) for compensation." As such, it is required by both federal and state law to have a minimum liability coverage of $5 million per person, per accident before operation. Farm Bureau

sold Mr. Best a policy with liability limits of $50,000 per person and $100,000 per accident for bodily injury.

On October 7, 2001, Mr. Best negligently offloaded an eight-year-old passenger, Plaintiff Terry Armwood, Jr., and directed him to run across five lanes of undivided, active highway to reach his home. As a direct result of Mr. Best's negligence, Terry Armwood, Jr. was seriously injured when he stepped in front of Mr. Best's bus and was struck by a passing vehicle. Terry Armwood, Jr.'s parents incurred medical expenses in excess of $200,000 for Terry's medical care.

Plaintiffs bring this claim pursuant to the Federal Motor Carrier Safety Act, 49 U.S.C. § 31138, seeking payment of a consent judgment against Defendant Farm Bureau's insured, Jimmy Lee Best, in the amount of $525,000. Mr. Best was credited with $100,000 paid by the liability policy of the passing vehicle which struck Plaintiff Terry Davis Armwood, Jr., and with previous payments made by Defendant Farm Bureau in the amount of $50,000. Farm Bureau refuses to pay the balance of the judgment. Plaintiffs seek an order compelling Farm Bureau to pay the remaining $375,000 to satisfy the consent judgment.

Farm Bureau seeks to dismiss Plaintiffs' complaint for failure to state a claim upon which relief can be granted by application of res judicata. Farm Bureau asserts that all claims in the instant case were fully and finally adjudicated by the North Carolina Supreme Court in *N.C. Farm Bureau Mut. Ins. Co. v. Armwood*, 653 S.E.2d 392 (N.C. 2007). In that action, the Armwoods alleged that the minimum financial limits required by state and federal law mandated that the policy provide coverage of not less than $5 million. The trial court denied Farm Bureau's motion for summary judgment and granted the Armwoods' motion for summary judgment in part, declaring that the Farm Bureau policy afforded liability coverage limits of $750,000 for bodily injury damages on the date of the accident. Farm Bureau appealed the decision and the North

Carolina Court of Appeals affirmed. *N.C. Farm Bureau Mut. Ins. Co. v. Armwood*, 638 S.E.2d 922 (N.C. Ct. App. 2007). On appeal to the North Carolina Supreme Court, the decision was reversed and a consent judgment was entered on remand, which entered summary judgment for Farm Bureau and declared that the policy afforded "liability insurance coverage for the defendant Jimmy Best, subject to liability limits of $50,000.00 per person and $100,000.00 per accident for bodily injury."

On March 8, 2010, the Armwoods, Farm Bureau, and Jimmy Lee Best entered into a Settlement Agreement and Limited Covenant Not to Enforce Judgment to resolve damage claims arising out of the accident [DE 10-1]. They agreed that Jimmy Lee Best consented to entry of judgment against him in the amount of $525,000, that the payment of $100,000 paid by the passing driver's liability would be credited against that judgment, and they acknowledged the dispute among the parties about the scope of coverage of the Farm Bureau policy.

## DISCUSSION

### Standard of Review

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) will succeed if a plaintiff fails to establish a "plausible" claim for relief. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 1949 (2009). In analyzing a motion to dismiss, the complaint is construed in the light most favorable to the plaintiff and its allegations are taken as true. *Republican Party of N.C. v. Martin*, 980 F.2d 943, 952 (4th Cir. 1992).

### I. Litigation Of The Scope Of Coverage Is Barred By Res Judicata

Although this case addresses a tragic set of facts, this Court is not in a position to grant any additional relief to the Armwoods. The North Carolina Supreme Court finally resolved the issue of the scope of coverage afforded by the Farm Bureau policy in the declaratory judgment

action in *N.C. Farm Bureau Mut. Ins. Co. v. Armwood*, 653 S.E.2d 392 (N.C. 2007). When a federal court determines the preclusive effect of a state court judgment, it is required by the Full Faith and Credit Act, 28 U.S.C. § 1738, to give the state court judgment the same preclusive effect as would the courts of the state rendering the judgment. *Brooks v. Arthur*, 626 F.3d 194, 200 (4th Cir. 2010) (citing *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 293 (2005)). In this case, this court is bound by North Carolina's application of res judicata principles.

The North Carolina courts have held that, "[i]n order to successfully assert the doctrine of res judicata, a litigant must prove the following essential elements: (1) a final judgment on the merits in an earlier suit, (2) an identity of the cause of action in both the earlier and later suits, and (3) an identity of the parties or their privies in the two suits." *Moody v. Able Outdoor, Inc.*, 609 S.E.2d 259, 261 (N.C. Ct. App. 2005)

### A. Final Judgment On The Merits

A final judgment on the merits was entered on September 2, 2008, when the Wake County Superior Court entered a Consent Judgment Pursuant To The Ruling of North Carolina Supreme Court, noting that the Farm Bureau policy at issue affords liability coverage subject to limits of $50,000 per person and $100,000 per accident for bodily injury [DE 12-3 at 3]. *See N.C. Farm Bureau Mut. Ins. Co. v. Armwood*, 653 S.E.2d 392, 393 (N.C. 2007). Although the Armwoods assert that their cause of action was "dormant" until they acquired a judgment, and therefore no court has yet finally adjudged this claim, they misapprehend the purpose and function of the Act. The Armwoods claim that "federal law requires amendment of liability amount of policies to the federally mandated minimums" [DE 15 at 13]. However, the language of the Act requires only "minimum levels of financial responsibility sufficient to satisfy liability amounts established by the Secretary covering public liability and property damage for the transportation of passengers

for compensation by motor vehicle." 49 U.S.C. § 31138(a)(1). Financial responsibility, as required by the statute, may be established by evidence of (1) insurance, including high self-retention; (2) a guarantee; or (3) a surety bond issued by a bonding company authorized to do business in the United States. Importantly, it is the motor carrier's responsibility to ensure that it has complied with the financial responsibility regulations, not the insurer's. *Canal Ins. Co. v. Barker*, No. 3:07CV339, 2007 WL 3551508, at *5 (E.D.Va. Nov. 15, 2007). When a motor carrier opts not to use an insurance policy to meet its financial responsibility requirements, then the regulations do not require the carrier to maintain a minimum of $750,000 in insurance. *See Bray v. Ins. Co. Of State of Pennsylvania*, 917 F.2d 130, 132 (4th Cir. 1990). In other words, the federal statute and the MCS-90 operate in conjunction with the policy negotiated between the insurer and the insured. *See Canal Ins. Co. v. Barker*, 358 F. App'x 470, 472 (4th Cir. 2009) ("even though [the insured] was required by federal regulations to show a financial responsibility of $750,000...[the insured] was not required to carry insurance and could opt to meet the financial responsibility through one of several ways"). The endorsement has no automatic effect isolated from the terms of the policy and the overall coverage status of the insured.

The Armwoods argue that they could not have raised the issue of the MCS-90 endorsement until they had received an entry of judgment on their tort claims. However, courts have adjudicated these issues prior to entering a judgment or settlement–in conjunction with the scope of the insurance policy. *Hamm v. Canal Ins. Co.*, 10 F. Supp. 2d 539 (M.D.N.C. 1998); *Canal Ins. Co. v. Distribution Servs., Inc.*, 320 F.3d 488, 491 (4th Cir. 2003); *Canal Ins. Co. v. Barker*, No. 3:07CV339, 2007 WL 3551508 (E.D.Va. Nov. 15, 2007), aff'd 358 F. App'x 470, 2009 WL 5175590 (4th Cir. 2009). Further, the North Carolina appellate courts directly addressed a parallel issue under state law, determining whether North Carolina's statutory

minimums required reformation of the insurance policy. *Armwood*, 653 S.E.2d at 393. Finally, the Armwoods did raise the issue of application of the federal regulations in their motion for summary judgment before the Wake County Superior Court and in the brief they filed with the North Carolina Supreme Court [DE 11-2 at 30, DE 11-8 at 8]. This lawsuit seeks amendment of the liability amount for which Farm Bureau would be responsible, an issue that was fully and finally adjudicated in the North Carolina courts. Because there was no obstacle to the Armwoods litigating the MCS-90 issue in the prior declaratory judgment action, res judicata principles preclude them from litigating it now.

### B. Identity Of The Causes Of Action In Both Suits

Although the Armwoods construe this action as seeking relief under 49 U.S.C. § 31138 to enforce a consent judgment entered in state court, the relief they seek is actually a declaration as to the scope of coverage afforded by the Farm Bureau policy. In other words, Plaintiffs are pursuing a declaratory judgment action pursuant to Federal Rule of Civil Procedure 57 and 28 U.S.C. § 2201.

The Armwoods could have, should have, and in some respects did litigate the issue of whether an MCS-90 endorsement compels coverage over and above the stated limits of the Farm Bureau policy in their state court declaratory judgment action. In this case and in the prior declaratory judgment action, the Armwoods sought a determination that Farm Bureau's contract provides coverage in excess of its stated policy limits for the Armwoods' damages arising out of the accident of October 7, 2001. Because the Armwoods raise a claim that is based on the same contract and raise the same issues of amount of coverage afforded under the contract, there is an identity of the causes of action that satisfies the second prong of res judicata as applied by North Carolina courts. In the prior declaratory judgment action, Farm Bureau sought "a declaration

regarding insurance coverage limits under [the Farm Bureau policy] for damages arising out of a motor vehicle accident resulting in injuries to Terry Davis Armwood, Jr., a pedestrian" [DE 10-2 at 13]. In the instant action, the Armwoods seek to require Farm Bureau to pay the remainder of the final state court judgment recovered against Mr. Best because they believe it is liable for the additional amount as a result of the Motor Carrier Act of 1980.

Therefore, the Armwoods seek an alteration of the liability coverage provided by the Farm Bureau policy. However, as noted above, liability coverage is dictated by the policy and not by the federal statute alone. *McGirt v. Gulf Ins. Co.*, 207 F. App'x 305, at *5 (4th Cir. 2006). In *McGirt*, the Fourth Circuit noted that because "federal law seeks to protect the public by guaranteeing some proof of financial responsibility by motor carriers, not by mandating a minimum payment to the injured, we are bound by the terms of the contract between [the motor carrier] and its insurers." *Id.* Therefore, the scope of coverage of the contract between Farm Bureau and Mr. Best necessarily encompassed any arguments the Armwoods may have wanted to assert as to application of federal law. Because the scope of coverage has already been fully and fairly litigated in the North Carolina courts, res judicata bars this Court's review of those claims.

### C. Identity Of the Parties Or Their Privies In The Two Suits

In the declaratory judgment action pursued in the North Carolina courts, Farm Bureau was the plaintiff and the Armwoods, Jimmy Lee Best, and Stella H. Bostic were the defendants. The Armwoods do not contest that both they and Farm Bureau were parties to the North Carolina declaratory judgment action. Therefore, the third prong of North Carolina's standard for application of res judicata is satisfied.

### CONCLUSION

For the foregoing reasons, Defendant's Motion to Dismiss is GRANTED. Defendant's

Motion to Strike [DE 13] is DENIED AS MOOT.

SO ORDERED, this the _27_ day of April, 2012.

_____
TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE